UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06-cv-191-R

LEWIS SMITH,                                                                                           PLAINTIFF

v.

EXCEL MAINTENANCE SERVICES, INC.,                                                DEFENDANT

## OPINION & ORDER

This matter comes before the Court on the Defendant's Motion to Dismiss (Docket #4). The Plaintiff, Lewis Smith ("Smith"), has responded to that motion (Docket #5), and the Defendant, Excel Maintenance Services, Inc. ("Excel") has replied to that response. This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion to Dismiss is **DENIED**.

## BACKGROUND

Plaintiff Smith was hired by the Defendant in February 2005 as a security officer for Excel's plant in Marshall County, Kentucky. On or about October 2005, Plaintiff organized other employees for a meeting to review and negotiate the terms and conditions of employment, and to promote their rights and general welfare. On October 20, 2005, the Plaintiff was terminated by Excel. Smith alleges that his firing was discriminatory in nature and in retaliation for his role in organizing the meeting in October 2005, in violation of KRS §336.130.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss.  *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002).  A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

> KRS §336.130 states, in pertinent part:
>
> Employees may, free from restraint or coercion by the employers or their agents, associate collectively for self-organization and designate collectively representatives of their own choosing to negotiate the terms and conditions of their employment to effectively promote their own rights and general welfare. Employees, collectively and individually, may strike, engage in peaceful picketing, and assemble collectively for peaceful purposes.

The Defendant contends that the Plaintiff's claim should be dismissed because the Plaintiff did not allege that he was organizing a meeting for purposes of organizing a union and/or collective bargaining organization.  The Defendant contends that based on the complaint, the Plaintiff was trying to address specific employee matters, not meet for collective bargaining purposes.

The Sixth Circuit Court of Appeals, in *Minger v. Wilson*, explained that courts must look "beyond labels [of a complaint] to the substance of the allegations." *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001).  In *Minger*, the Court determined that even though the complaint labeled a claim for negligent performance, in actuality the complaint stated a claim for

intentional misrepresentation. *Id.* Here, in looking at the substance of the complaint asserted by the Plaintiff, the Court finds that Smith has alleged a sufficient claim under KRS §336.130 to satisfy the liberal pleading requirements of FRCP 8. The statute does not explicitly state that employees must be attempting to organize a union in order to have protection under KRS §336.130. The statute states that employee may "associate collectively for self-organization." In looking at the facts set forth in the complaint by the Plaintiff, the alleged organization of employees by Smith would fall under that general provision.

The Defendant has not cited any cases that have directly held that in order for employees to qualify for protection under KRS §336.130 they must be attempting to unionize. The title of the statute states that "[e]mployees may organize, bargain collectively, strike, picket." In the instant matter, the employees were organized in a meeting set-up by Smith. Accordingly, the Court finds that the complaint adequately raises the issue of whether the termination of Smith was in violation of KRS §336.130. *See Pari-Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL-CIO v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977).

## CONCLUSION

**IT IS SO ORDERED:**

The Defendant's Motion to Dismiss is **DENIED**.